JOURNAL ENTRY AND OPINION
Appellant Lamar Ferguson appeals the decision of the trial court convicting him of robbery and sentencing him accordingly. Ferguson assigns the following two errors for our review:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED DEFENDANT BASED ON THE SENTENCING LAW IN EFFECT PRIOR TO JULY 1, 1996 AND WHEN IT DENIED PLAINTIFF'S POST-JUDGMENT MOTIONS TO ADVISE AND MODIFY SENTENCE; THE SENTENCING WAS IN VIOLATION OF THE OHIO CONSTITUTION, R.C. 1.58
AND APPELLANT'S RIGHT TO DUE PROCESS.
 II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO ENTERING HIS GUILTY PLEA, UPON ENTERING HIS GUILTY PLEA, AND AT SENTENCING.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On February 14, 1996, Ferguson was indicted for aggravated burglary and aggravated robbery, both with firearm specifications, in connection with an offense committed on December 4, 1995. On January 9, 1997, pursuant to a plea agreement, Ferguson pleaded guilty to robbery, a second degree felony, and was sentenced to a term of three to fifteen years in prison.
On April 11, 1997, Ferguson filed a pro se "Motion to Advise Sentence Under New Law; Motion to Modify Sentence" asking the trial court to sentence him under the provisions of Senate Bill 2 which became effective on July 1, 1996. The court denied the notion in a journal entry dated April 22, 1997. This appeal followed.
In his first assignment of error, Ferguson argues that the trial court erred in failing to sentence him under Senate Bill 2. R.C. 2929.14, which became effective on 1/1/97, provides that the penalty for a second degree felony is a definite prison term of two, three, four, five, six, seven or eight years. Ferguson was sentenced under former R.C. 2929.11 which provides that the penalty for a second degree felony is three, four, five, six, seven, or eight years to a maximum of fifteen years.
The issue of retroactive application of the sentencing provisions of Senate Bill 2 was decided in State v. Rush (1998),83 Ohio St.3d 53. In Rush, the Ohio Supreme Court held that "the amended sentencing provisions of Senate Bill 2 apply only to those crimes committed on or after July 1, 1996." Id. at 58. Because Ferguson's offense was committed on December 4, 1995, Senate Bill 2 is inapplicable to his case. Ferguson's first assignment of error is overruled.
In his second assignment of error, Ferguson argues that he was denied the effective assistance of counsel at his plea hearing and at sentencing because trial counsel failed to object to the trial court's decision to sentence Ferguson under the sentencing laws in effect at the time of his offense. A finding of ineffective assistance of counsel requires a showing that trial counsel's performance fell below an objective standard of reasonableness and, also, that the appellant was prejudiced by counsel's performance. State v. Getsy (1998), 84 Ohio St.3d 180,188, rehearing denied (1999), 84 Ohio St.3d 1488; State v. Goff
(1998), 82 Ohio St.3d 123, 139, rehearing denied (1998), 82 Ohio St.3d 1483;State v. Keene (1998), 81 Ohio St.3d 646, 667, certiorari denied (1998), 119 S.Ct. 350; State v. Sallie (1998),81 Ohio St.3d 673, 674, rehearing denied (1998), 82 Ohio St.3d 1444; State v. Mitts (1998), 81 Ohio St.3d 223, 234, rehearing denied (1998), 82 Ohio St.3d 1444. Since the trial court properly sentenced Ferguson, trial counsel's failure to object to the sentence cannot constitute an unreasonable error by trial counsel. Accordingly, Ferguson's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and KILBANE, J., CONCUR.
 _______________________ PATRICIA ANN BLACKMON JUDGE